**UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

IN RE RESTAURANT MANAGEMENT
COMPANY OF WICHITA, INC. DATA
BREACH LITIGATION

Master File No. 6:26-cv-01106-TC-JBW

This Document Relates to:
All Actions

## ORDER APPOINTING INTERIM CO-LEAD COUNSEL

The Court has reviewed the Motion to Appoint Interim Co-Lead Counsel (the "Motion"), filed by Plaintiffs Shawanda Harris, Robbie Colbert, Matthew McAllister, Brittany Clark, Melanie Wolney, Rene Torres, Jodie Uden, and Angel Allen. The Court has determined that appointment of Interim Co-Lead Counsel will promote judicial efficiency and orderly case management while avoiding unnecessary cost and delay.

The Court also finds, based upon its review of Plaintiffs' motion and supporting memorandum and exhibits, that the attorneys proposed as Interim Class Counsel meet all the considerations set forth in Fed. R. Civ. P. 23(g)(1)(A)(i)–(iv). Proposed Interim Class Counsel have performed substantial work investigating and litigating the potential claims to date; they possess the necessary experience, skill, and knowledge of the applicable law to prosecute the types of claims asserted in this data breach litigation; and they have and will continue to devote sufficient resources to this litigation. Finally, the proposed leadership structure has the support of the named Plaintiffs and the law firms involved in these consolidated cases, and the firms of the proposed Interim Class Counsel filed the first actions against Defendant.

Given proposed Interim Class Counsel's extensive relevant experience and expertise, the Court is confident of their ability to work together as a team to effectively, efficiently, and cooperatively litigate these consolidated cases. Accordingly, the Court grants Plaintiffs' Motion to

Appoint Interim Class Counsel (Dkt. 15).

Therefore, **IT IS ORDERED:**

1. The Court hereby appoints Maureen M. Brady of McShane & Brady, LLC and Casondra Turner of Milberg, PLLC as Interim Co-Lead Counsel for Plaintiffs and the putative Class.

2. Interim Co-Lead Counsel are designated to act on behalf of the putative class before determining whether to certify the action as a class action and shall serve as lead counsel with responsibility for managing the distribution of work amongst all Plaintiffs' counsel and overseeing compliance with the duties and responsibilities set forth herein. The duties and responsibilities of Interim Co-Lead Counsel are as follows:

   a. Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial proceedings;

   b. Coordinate the initiation and conduct of discovery on behalf of Plaintiffs and the putative class consistent with the requirements of the Kansas Rules of Civil Procedure;

   c. Convene meetings amongst counsel;

   d. Conduct settlement negotiations on behalf of Plaintiffs and the putative class;

   e. Delegate specific tasks to Plaintiffs' counsel in a manner to ensure that pretrial preparation for Plaintiffs and the putative class is conducted efficiently and effectively;

   f. Negotiate and enter into stipulations with opposing counsel as necessary for the conduct and efficient advancement of the litigation;

   g. Monitor the activities of all counsel to ensure that schedules are being met and unnecessary expenditures of time and funds are avoided;

   h. Perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities or authorized by further order of this Court;

   i. Serve as the primary contact for communications between the Court and other

2

Plaintiffs' counsel;

j.  Ensure that all notices, orders, and material communications are properly distributed (to the extent that they are not otherwise served on Plaintiffs' counsel via the Court's electronic filing system);

k.  Communicate with Defendant's counsel as necessary to promote the efficient advancement of this litigation;

l.  Make available to other Plaintiffs' counsel documents produced by the Defendant; and

m.  Allocate any attorneys' fees between all Plaintiffs' counsel.

3.  Any other Plaintiffs' counsel will perform work in this litigation only at the direction of Interim Co-Lead Counsel. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any Plaintiff except through Interim Co-Lead Counsel, and no other Plaintiffs' counsel or law firm shall be authorized to file any papers or perform any work in the case without the express authorization of Interim Co-Lead Counsel.

4.  Interim Co-Lead Counsel shall have sole authority to communicate with Defendant's counsel—including with respect to settlement and settlement negotiations—and the Court on behalf of any Plaintiff unless that authority is expressly delegated to other counsel. Defendant's counsel may rely on all agreements made with Interim Co-Lead Counsel, and such agreements shall be binding on all other Plaintiffs' counsel.

5.  This order shall apply to the above-captioned matters, any subsequently consolidated action, any actions consolidated with the above-captioned matters, and any actions filed in, transferred to, removed to, or otherwise sent to this Court relating to the alleged facts and the data incident underlying this litigation.

**IT IS SO ORDERED**.

Dated June 17, 2026, at Kansas City, Kansas.

_____

Jennifer B. Wieland
U. S. Magistrate Judge

3